IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDUARDO AND MONICA MOLINA,

        Plaintiffs,        No. 2:08-cv-2963 JAM JFM PS

    vs.

LASALLE BANK,

                          FINDINGS AND RECOMMENDATIONS

        Defendant.

                          /

        Defendant's motion to dismiss came on regularly for hearing April 30, 2009. There was no appearance for plaintiffs. S. Christopher Yoo appeared telephonically for defendant. Upon review of the motion and the documents in support, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiffs initiated this action on December 4, 2008. Defendant filed a motion to dismiss on February 23, 2009, to which plaintiffs did not timely respond. By order filed April 2, 2009, plaintiffs were given additional time in which to file opposition to defendant's motion and was cautioned that failure to file opposition would be deemed as a statement of non-opposition. Plaintiffs still have not filed an opposition.

        The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court may dismiss a case *sua sponte* for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990).

In determining that this action will be dismissed, the court has considered all the factors set forth in Ferdik. The first two factors on their face favor the imposition of sanctions in this case which has been pending for some time. Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Regarding the third factor, defendant already has briefed its motion to dismiss, and would be prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness. Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, in this case plaintiffs have declined to oppose the motion to dismiss and have thus precluded the court's evaluation of the potential merits of such an opposition. Under these circumstances, the fourth factor is outweighed by the others.

Focusing on the fifth Ferdik factor and warning regarding imminent dismissal, the court in its April 2, 2009 order advised plaintiffs that this action is subject to dismissal, directed plaintiffs to file opposition, and granted ample additional time to oppose the pending motion after plaintiffs failed to timely oppose defendant's motion to dismiss, all to no avail. From plaintiffs' failure to respond to the most recent order, and failure to appear at the April 30, 2009 hearing, it appears that plaintiffs have abandoned this litigation. The court therefore concludes there is no suitable alternative less drastic sanction to dismissal.

1   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
2   with prejudice.
3       These findings and recommendations are submitted to the United States District
4   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
5   days after being served with these findings and recommendations, any party may file written
6   objections with the court and serve a copy on all parties.  Such a document should be captioned
7   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
8   failure to file objections within the specified time may waive the right to appeal the District
9   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
10  DATED:  April 30, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; molina.mtd